UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| KEITH LAMONT FARMER, ) | |
| ) | Case No. 3:23-cv-303 |
| *Plaintiff*, ) | |
| ) | Judge Atchley |
| v. ) | |
| ) | Magistrate Judge Poplin |
| WELMA BRANSTETTER, *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, an inmate in the custody of the Tennessee Department of Correction currently housed in the Morgan County Correctional Complex ("MCCX"), has filed a "Motion, § 1968 Civil Investigative Demand" that he asks the Court "to forward unto the Criminal Court of Morgan County" [Doc. 1]; an "Affidavit of Criminal Complaint" to be filed in the Criminal Court of Morgan County [Doc. 2]; a "Cease and Desist Order" [Doc. 3]; and a motion for leave to proceed *in forma pauperis* [Doc. 6]. For the reasons set forth below, the Court will deny Plaintiff's motion to proceed as a pauper [Doc. 6] and dismiss this action without prejudice.

**I.   "THREE STRIKES" UNDER 28 U.S.C. § 1915**

Plaintiff is barred from proceeding *in forma pauperis* in this action because of the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). This provision provides that an inmate may not proceed *in forma pauperis* in a civil action if, as a prisoner, he has filed three or more cases that a court dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless "[he] is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

As a prisoner, Plaintiff has had at least three cases dismissed for failure to state a claim

upon which relief may be granted. *See Farmer v. Davidson Cnty. Sheriff's Off.*, No. 3:12-CV-434 (M.D. Tenn. May 9, 2012) (dismissal for failure to state a claim); *Farmer v. Munkeboe*, No. 3:17-CV-1356 (M.D. Tenn. May 29, 2018) (same); *Farmer v. Phillips*, No. 1:19-CV-1211 (W.D. Tenn. May 5, 2020) (same). Therefore, the Court finds that Plaintiff has abused his *in forma pauperis* privileges and cannot file the instant suit, or any future suit, as a pauper unless he can demonstrate that he is in imminent danger of serious physical harm. 28 U.S.C. § 1915(g).

## II. IMMINENT DANGER

The three strikes provision of the PLRA has an exception which allows a prisoner with three or more "strikes" to proceed *in forma pauperis* if his complaint contains "a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). This exception "is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (quoting *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011)). It applies where a court, "informed by its 'judicial experience and common sense,' could 'draw the reasonable inference'" that a plaintiff faced an existing danger when he filed his complaint. *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012) (citation omitted).

Plaintiff complains that his stimulus refund check was stolen by Defendants. [*See generally* Doc. 1]. Plaintiff's allegations raise no possibility that he faced any danger from Defendants at the time he initiated this action. Accordingly, Plaintiff may not proceed as a pauper in these proceedings.

## III. CONCLUSION

For the reasons set forth above, Plaintiff's motion to proceed *in forma pauperis* [Doc. 6] is

2

**DENIED** pursuant to § 1915(g), and the instant action will be **DISMISSED** without prejudice to Plaintiff's ability to pay the filing fee in full and thereby reinstate this case. *See In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002) (noting that prisoner's obligation to pay filing fee arises when complaint delivered to district court clerk). Accordingly, this case will be **CLOSED**.

Additionally, the Court **CERTIFIES** that any appeal from this decision would not be taken in good faith and would be totally frivolous, such that any request for leave to proceed *in forma pauperis* on any subsequent appeal will be **DENIED**. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

/s/ *Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY JR.**
**UNITED STATES DISTRICT JUDGE**