# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| KEITH LAMONT FARMER, | ) |
| *Plaintiff*, | ) Case No. 3:23-cv-303 |
| v. | ) Judge Atchley |
| WELMA BRANSTETTER, *et al.*, | ) Magistrate Judge Poplin |
| *Defendants*. | ) |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Keith Lamont Farmer's motion to alter or amend this Court's September 18, 2023, judgment dismissing this pro se prisoner's civil rights action without prejudice [Doc. 9]. For the reasons set forth below, the motion will be **DENIED**.

I.     **BACKGROUND AND PROCEDURAL HISTORY**

On September 18, 2023, this Court entered a Memorandum Opinion and Judgment Order (1) finding Plaintiff is not entitled to proceed *in forma pauperis* in this action due to his abuse of his *in forma pauperis* privileges under the "three strikes" provision of the Prison Litigation Reform Act ("PLRA") and (2) dismissing this action without prejudice to Plaintiff's opportunity to pay the filing fee and thereby reinstate this action [Doc. 7, 8].

On September 26, 2023, Plaintiff filed the instant motion to alter or amend the Court's judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure [Doc. 9]. Plaintiff contends that the Court's dismissal "violated [Plaintiff's] rights of access to the courts pursuant to the due process and equal protection provisions of the United States Constitution" and Tennessee's Constitution, because in Tennessee [and] other jurisdictions, [an] inmate could file . . . lawsuits

without paying filing fees, costs [and] litigation taxes by simply filing an[] affidavit of indigency" [*Id*. at 3, citing Tenn. Code Ann. § 8-21-401].

## II. LEGAL STANDARD

A court "may grant a timely Rule 59 motion to alter or amend judgment to correct a clear error of law; to account for newly discovered evidence or an intervening change in the controlling law; or to otherwise prevent manifest injustice." *Volunteer Energy Servs., Inc. v. Option Energy, LLC*, 579 F. App'x 319, 330 (6th Cir. 2014) (quoting *Doran v. Comm'r of Soc. Sec.*, 467 F. App'x 446, 448 (6th Cir. 2012)).

However, Rule 59(e) cannot be "used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation omitted). Dissatisfaction with the court's initial judgment and/or disagreements with its conclusions are insufficient to support a Rule 59(e) motion. *See, e.g.*, *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977) ("Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge."). Therefore, Rule 59(e) does not provide litigants the "opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citation omitted).

## III. ANALYSIS

In his Rule 59(e) motion, Plaintiff does not dispute the Court's determination that he has accumulated three strikes under 28 U.S.C. § 1915(g). Instead, he argues that the Court's ruling violates his right of access to the courts under the United States Constitution and Tennessee law. But the "three strikes" provision of the PLRA has been deemed constitutional. *See, e.g., Wilson v. Yaklich*, 148 F.3d 596, 605–06 (6th Cir. 1998) (finding § 1915(g) constitutional); *Medberry v.*

*Butler*, 185 F.3d 1189, 1193 n.2 (11th Cir. 1999) (noting "§ 1915(g) does not deny prisoners the right of access to the courts; it merely requires them to pay the filing fee immediately and in full rather than on an installment plan"). And a complaint filed in federal court by a prisoner seeking to proceed *in forma pauperis* is subject to 28 U.S.C. § 1915(g). If Plaintiff wishes to avail himself of differing *in forma pauperis* privileges in state court, he must file his federal claims in that forum. Therefore, the Court finds Plaintiff's arguments unavailing, and his Rule 59 motion [Doc. 9] is **DENIED**.

    **SO ORDERED.**

    */s/ Charles E. Atchley, Jr.*
    **CHARLES E. ATCHLEY, JR.**
    **UNITED STATES DISTRICT JUDGE**